**Robert Lee DENSON, Petitioner,**

v.

**C. C. PEYTON, Superintendent Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68-C-23-D.**

United States District Court
W. D. Virginia,
Danville Division.

Aug. 7, 1968.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

### OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus filed *in forma pauperis* by Robert Lee Denson, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241.

Petitioner is now detained in the Virginia State Penitentiary pursuant to a judgment of the Corporation Court of the City of Danville of July 12, 1956, wherein petitioner was convicted of first degree murder and sentenced to fifty years imprisonment. A habeas corpus hearing was conducted by the sentencing court on January 26, 1967, Judge A. M. Aiken presiding. Petitioner was represented by court-appointed counsel at the hearing and afforded the opportunity to present evidence in his behalf. Judge Aiken denied relief by order entered March 22, 1967. On March 6, 1968, petitioner's writ of error was denied by the Supreme Court of Appeals of Virginia.

Petitioner now seeks a writ of habeas corpus from this court upon the following grounds:

(1) "The order of judgment, sentence and commitment is illegal, null and void."

(2) "The trial court did not have jurisdiction to entertain said prosecution or to pronounce judgment at the time those acts were performed."

(3) "The trial court lost jurisdiction during the course of the proceedings."

(4) "The order of judgment, sentence and commitment is illegal, null and void because the constitutional rights of your petitioner were violated during the course of the proceedings * * *."

■■ The petitioner has not alleged a single fact in support of the above quoted conclusionary allegations. It is well settled that habeas corpus relief is not available where a petitioner has merely alleged conclusionary allegations unsupported by facts. "A conviction aft-

er public trial in a state court by verdict or plea of guilty places the burden on the accused to allege and prove primary facts, not inferences, that show, notwithstanding the strong presumption of constitutional regularity in state judicial proceedings, that in his prosecution the state so departed from constitutional requirements as to justify a federal court's intervention to protect the rights of the accused." Darr v. Burford, 339 U.S. 200, 218, 70 S.Ct. 587, 597, 94 L.Ed. 761 (1950). As stated by the court in Midgett v. Warden, 329 F.2d 185, 187 (4th Cir. 1964), a petitioner's "naked assertion, without any background factual substantiation whatsoever * * *" does not afford an adequate basis for relief.

It is therefore adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the writ denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.