## Robert Lee DENSON
### v.
### C. C. PEYTON, Superintendent of the Virginia State Penitentiary.
### Civ. A. No. 68–C–23.

United States District Court
W. D. Virginia,
Danville Division.
March 25, 1969.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus filed *in forma pauperis* by Robert Lee Denson, a state prisoner, pursuant to the provisions of 28 U.S.C.A. § 2241. This court, by a judgment dated August 7, 1968, 288 F.Supp. 92 had previously denied the writ and dismissed the petition upon the grounds that the petitioner's claims were conclusory unsupported by factual allegations. Upon appeal to the United States Court of Appeals for the Fourth Circuit the case was remanded for further proceedings by a decision filed on November 27, 1968. In remanding the case the Court of Appeals agreed that the allegations were conclusory, but nevertheless that the merits of petitioner's claims should have been considered since the state habeas corpus petition, which presented both allegations and stated supporting facts, were before the District Court. The Court of Appeals noted that this method of stating a constitutional claim was somewhat irregular, but that since Denson, responding to the District Court's denial of relief, had requested the court to consider the facts presented in his state petition and because petitioners are not required to meet the standards of trained lawyers in presenting constitutional claims, citing Macklin v. Peyton, No. 12,114 (4th Cir. 1968) (Mem. Dec.), that justice would be best served by remanding the case for further consideration on the merits.

Petitioner is currently being detained in the Virginia State Penitentiary pursuant to a judgment of the Corporation Court of the City of Danville of July 12, 1956, wherein petitioner was convicted of first degree murder and sentenced to fifty years imprisonment. The conviction resulted after a trial by the court without a jury wherein the petitioner entered a plea of guilty. The petitioner was represented by privately employed counsel at his trial. No appeal was taken from the conviction.

A plenary hearing was held in the Corporation Court of the City of Danville on January 26, 1967, as the result of a petition for a writ of habeas corpus filed in the state courts by the petitioner. At this hearing petitioner was represented by court-appointed counsel and afforded the opportunity to present evidence in his behalf. The Corporation Court denied the writ and dismissed the petition by order dated March 22, 1967. An appeal to the Virginia Supreme Court of Appeals resulted in the writ being refused and the petition rejected by order dated March 6, 1968.

Petitioner presents the following claims to this court for consideration:

(1) "The order of judgment, sentence and commitment is illegal, null and void."

(2) "The trial court did not have jurisdiction to entertain said prosecution or to pronounce judgment at the time those acts were performed."

(3) "The trial court lost jurisdiction during the course of the proceedings."

(4) "The order of judgment, sentence and commitment is illegal, null and void because the constitutional rights of your petitioner were violated during the course of the proceedings. * * *"

At the state habeas corpus hearing the petitioner, through his court-appointed counsel, introduced testimony pertaining to the single claim that the record was irregular. Specifically the court-appointed counsel argued that upon a plea of guilty in a felony case that Va. Code Ann. § 19.1–192 and the Virginia Constitution required that the concurrence of the Attorney for the Commonwealth and of the Court be entered of record. Several Virginia cases were cited to support this position. Since there was no concurrence entered of record, the court-appointed attorney argued that the petitioner was entitled to habeas corpus relief. After presenting one witness, the court clerk, to sub-

stantiate the irregularity in the record, the petitioner's counsel rested his case. At the close of the hearing, after hearing oral argument by the State's attorney to the contrary, the Corporation Court asked that each side submit briefs to support their positions.

In a letter dated February 10, 1967, to the Judge of the Corporation Court, the petitioner's court-appointed counsel stated that after further study he had concluded that in view of defendant's *plea of guilty* that the judgment of the Court was valid because the consent of the attorney for the Commonwealth entered of record is not required on a guilty plea. The letter ended by stating that if the Attorney General's office, would prepare the necessary order, the court-appointed counsel would endorse it. In other words, the court-appointed attorney had argued and presented the petitioner's case upon the mistaken belief that the law he cited pertained to a *plea of guilty* when in fact it pertained only to a *plea of not guilty* and the subsequent waiver of trial by jury. Only after the hearing did the court-appointed attorney discover his mistake, and inform the court. The court by order dated March 22, 1967, denied the writ and dismissed the petition.

The record contains a notice of appeal filed by the petitioner on May 11, 1967, without the aid of counsel. The record also contains a letter dated May 13, 1967, from the court-appointed attorney to the petitioner. The letter states the following; that the clerk of the court had notified the court-appointed counsel that some papers had been filed indicating that the petitioner wished to appeal his habeas corpus case; that it was the court-appointed counsel's opinion that no legal grounds existed for appeal purposes; that the petitioner would soon be eligible for parole and that an appeal, because of the length of time, might delay consideration by the parole board; that the petitioner should consider all the circumstances and if the petitioner agreed with the court-appointed counsel, he [the petitioner] should immediately withdraw any appeal attempts. The letter ended with a "P. S." stating that it was the court-appointed attorney's "intention to ask the court to relieve me of any further representation herein."

It is not clear from the record whether the court-appointed attorney was relieved of any further representation. All papers pertaining to the appeal are signed only by the petitioner and are such that it may be fairly surmised that they were prepared by the petitioner rather than one trained in law. However, the record contains an extension of time, in which to perfect an appeal, granted by the Virginia Supreme Court of Appeals, which reads that such an extension was requested by court-appointed counsel. The request was made on May 19, 1967. The record also contains a "motion" filed by the petitioner on September 29, 1967, in the Corporation Court of the City of Danville requesting that the court-appointed counsel be discharged and that other counsel be appointed to aid the petitioner in his habeas corpus appeal. The record is then silent until the Virginia Supreme Court of Appeals refused petitioner's application for a writ of error on March 6, 1968.

From the foregoing it seems a fair inference that the "assignment of error" considered by the Virginia Supreme Court of Appeals was prepared by the petitioner without the aid of counsel. The assignment of errors pertaining to the state habeas corpus hearing was that (1) the merits of the case had not been adjudicated (2) that the matter raised by counsel in the state habeas corpus proceeding concerning the statutory law of Virginia was not raised by the petitioner, did not apply, and was therefore without merit and (3) that the petitioner was not advised of the effects of a plea of guilty at his trial; that extenuating circumstances concerning his mental capacity at the time of trial were not heard, as well as other material factors relative to due process and equal protection of the laws, and; that since these were not raised in argument at the habeas corpus hearing there has been no

hearing on the merits of petitioner's case.

In remanding this case, the United States Court of Appeals for the Fourth Circuit stated that liberally construed, the petitioner indicates that his guilty plea was involuntary because of the actions of his counsel and the trial judge. No evidence was introduced to support such a claim at the state habeas corpus hearing supposedly because the petitioner's counsel at the hearing was unaware of its relevance. As noted before the petitioner's counsel argued a point of law which subsequently he discovered was in error and not applicable. The petitioner did not testify at the state habeas corpus hearing. The State's attorney, apparently aware of the inapplicability of the law argued by the petitioner's counsel, introduced a limited amount of evidence to withstand the attack. In Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed. 2d 770 (1963), the United States Supreme Court held, *inter alia*, that a Federal Court must grant an evidentiary hearing to an applicant for a writ of habeas corpus when "(1) the merits of the factual dispute were not resolved in the state hearing * * *; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing." In petitioner's case the state court did not reach and decide the merits surrounding the alleged involuntary plea, not because of any inexcusable neglect on the part of petitioner, but rather because of the mistaken belief by his counsel as to what law was relevant and applicable. As would appear from the appeal papers prepared by the petitioner, he [petitioner] tried to correct the mistake and receive a hearing on the merits but was at each turn discouraged and unaided by his court-appointed counsel. Thus this court feels that a plenary hearing should be had by the United States District Court in order for the court to hear the evidence of petitioner and any other witness that would throw light on whether or not petitioner's plea was involuntary.

Because the state hearing was limited to the alleged irregularity of record and because of the remand instructions of the Court of Appeals to the effect that this court should consider the petitioner's allegations of fact in the state petition, this court feels that the petitioner and his counsel should frame an amended petition with concise allegations and supporting facts to be used as a basis for the hearing in this court.

It is therefore Adjudged and Ordered that a plenary hearing be held on April 30, 1969, at 11:00 o'clock A.M., in the United States District Court for the Western District of Virginia, Danville Division, Danville, Virginia, and the court doth appoint Alan Garrett, Esq., Attorney at Law, Danville, Virginia, to represent the petitioner.

The clerk is directed to issue a writ of habeas corpus ad subjiciendum in order that the petitioner may be present at the hearing scheduled for April 30, 1969.