Curtis Edward MIDGETT

v.

WARDEN, MARYLAND STATE PENITENTIARY.

Civ. No. 11867.

United States District Court
D. Maryland.

June 11, 1963.

THOMSEN, Chief Judge.

This is a third petition for a writ of habeas corpus filed in this Court by Midgett. His first petition was denied because he had not exhausted his state remedies. His second petition was denied on April 27, 1961, partly for that reason and partly on the merits. A certificate of probable cause was denied by this Court, and on June 22, 1961 by Chief Judge Sobeloff of the Fourth Circuit.

Thereafter, Midgett filed a proceeding under the Uniform Post Conviction Procedure Act in the Criminal Court of Baltimore City, raising 25 points. That petition was dismissed by Judge Jones, who wrote an elaborate opinion, which

was adopted by the Court of Appeals of Maryland when it denied Midgett's application for leave to appeal therefrom. Midgett v. Warden, 229 Md. 617, 182 A. 2d 52.

The present petition sets out seven "reasons presented" for granting the writ, a confusing "statement of the case", a four-page statement of "contentions" and a two-page statement in which eight "constitutional questions presented" are set out. It is difficult to tell exactly what points are being raised at this time and what is a matter of historical relation.

The clearest way to deal with these contentions is the way they were treated by Judge Jones, considering first the points based upon incidents before the first trial, then points arising out of the first trial, points based upon incidents before the second trial and finally points arising out of the second trial.

The following statement of the proceedings is taken from the Memorandum Order of Judge Sobeloff dated June 22, 1961.

"The factual circumstances leading up to Midgett's arrest on January 29, 1957, in Florida are rather involved, but are set out at length in Midgett v. State, 216 Md. 26, 139 A. 2d 209 (1958). After his arrest, * * * he was delivered to the Maryland authorities by the Florida police and returned to Maryland under a Governor's warrant on February 2, 1957. This action was taken under a grand jury indictment, January 27, 1957, No. 250, charging Midgett with armed robbery and assault. On February 14, 1957, the Maryland grand jury returned another true bill against Midgett, charging kidnapping, No. 446–1957. Midgett's trial began May 2, 1957, and resulted in verdicts of guilty on both charges. On appeal, however, both convictions were reversed and a new trial awarded. Midgett v. State, 216 Md. 26, 139 A.2d 209 (1958).

"During the interim a new indictment was filed against Midgett charging him with conspiracy to rob, No. 2120–1958. On March 9, 1959, Midgett attacked the kidnapping indictment, No. 446–1957, on the ground that it failed to allege sufficient supporting facts. The indictment was found defective and was quashed with leave to the State to re-indict before March 31, 1959. The new kidnapping indictment, No. 1157–1959, was apparently filed within the time limit. Midgett immediately attacked this indictment as 'a forgery by the state,' and he requested the trial judge to summons any or all of the grand jurymen for an investigatory hearing. This request, which was in the form of a petition for habeas corpus to the trial judge, was denied and the state proceeded to trial. Midgett was found guilty of kidnapping, No. 1157–1959, assault, No. 250–1957, and conspiracy to rob, No. 2120–1958. He was sentenced to thirty years for kidnapping and five years for conspiracy to rob, these to run consecutively, and five years for assault to run concurrently with the others. This judgment was affirmed on appeal. Midgett v. State, 223 Md. 282, 164 A.2d 526 (1960). Certiorari was denied by the United States Supreme Court. Midgett v. Maryland, 365 U.S. 853 [81 S.Ct. 819, 5 L.Ed.2d 817] (1961)."

In addition to the proceedings in this Court and the PCPA proceeding before Judge Jones, Midgett has filed at least five petitions for habeas corpus in the Baltimore City Court, each of which was denied.

### (A) Points Based Upon Incidents Before the First Trial.

██ (1) In one or more prior proceedings Midgett has raised the point that the State improperly added another charge, kidnapping, after he was arrested in Florida and extradited to Maryland on charges of armed robbery and assault.

Judge Sobeloff noted that fact without comment in his Memorandum Order of June 22, 1961. Judge Jones disposed of the point as follows:

"Petitioner questions the addition of another charge, i. e., kidnapping, after he was arrested in Florida and extradited to Maryland. This was entirely proper under Code (1957), Art. 41, section 41. This relates to an alleged irregularity in preliminary proceedings, which was not attacked on either appeal, and it is not subject to review in this proceeding. Art. 27, section 645A(a); Banks v. Warden, 220 Md. 652 [151 A.2d 897]; Rice v. Warden, 221 Md. 604."

In his present petition Midgett adds a new allegation—that he waived extradition on "the assurance of said [Maryland] detectives that the specified charges alleged in said Governor's warrant would be the only charges that petitioner would have to face and/or answer upon his return to Maryland State". If this allegation adds anything to the facts heretofore brought to the attention of the State Courts, this Court should not consider the point until the State Courts have had an opportunity to consider the new matter. If the allegation does not add anything to the previous contention, it was properly disposed of by Judge Jones and cannot serve as the basis for federal habeas corpus relief.

■■ (2) Petitioner alleges that he was denied his right to a hearing before a magistrate, was denied his right to be confronted by the witnesses against him at such a hearing, and was denied his right to bail. He also alleges in the present petition, apparently for the first time, that a confession was obtained from him by threats that his wife would be charged, after he had been denied the right to call counsel. Judge Jones stated:

"The questions as to denial of a magistrate's hearing, denial of bail and denial of counsel after arrest are not properly raised in a Post Conviction Proceeding. Niblett v. Warden, 221 Md. 588 [155 A.2d 659]; Ward v. Warden, 222 Md. 595 [158 A.2d 770]; cert. denied 363 U.S. 816 [80 S.Ct. 1254, 4 L.Ed. 2d 1156]; Rayne v. Warden, 223 Md. 688 [165 A.2d 474]."

Except with respect to the allegedly coerced confession, Midgett has no grounds for relief at this time based upon the alleged denial of a magistrate's hearing, the alleged denial of bail or the alleged denial of counsel after arrest and before arraignment. Insofar as these allegations may be pertinent in connection with the use against him at his second trial of a coerced confession, they afford no ground for relief to petitioner in this Court *at this time,* since the question whether the confession should be considered to have been coerced because of these factors, plus the newly alleged threats with respect to his wife, has *never been raised before a state court* in a post conviction proceeding. In the interest of comity, this Court should require that the state courts have an opportunity to hear and dispose of the question raised by the present allegations of fact before this Court takes any action thereon.

### (B) Points Arising Out of the First Trial.

■ Petitioner contends that Judge Warnken was guilty of "illegal procedure" at his first trial. Any relief based on this point must be denied because the conviction and sentence at the first trial were reversed on appeal, Midgett v. State, 216 Md. 26, 139 A.2d 209, so Midgett is not now serving a sentence imposed as a result of the first trial.

### (C) Points Arising from Incidents Before the Second Trial.

■ Petitioner contends that he was denied a speedy trial on remand. This point was disposed of by Judge Jones as follows:

"The complaint that a speedy trial was denied is without merit. It is

true that after the receipt of the Court of Appeals mandate from the first appeal on April 5, 1958, petitioner was not arraigned for the second trial until May 27, 1958, and the trial did not actually begin until June 15, 1959, but the record further discloses that from May 28, 1958 to June 15, 1959, petitioner initiated a series of motions and other actions which delayed the actual trial. He was given credit for this time and no prejudice resulted. His complaint as to the first three months appears to be as to the place of incarceration, i. e., the Maryland Penitentiary. However, this does not affect the regularity of the proceedings. Whitley v. Warden, 222 Md. 608 [158 A.2d 905]; nor was the issue of a speedy trial raised on appeal, Cully v. Warden, 218 Md. 639 [145 A.2d 226]."

A consideration of the various papers filed and considered by the Criminal Court of Baltimore City between the remand and the second trial clearly indicates that there is no merit to the contention that petitioner was denied a speedy trial. Moreover, by his own admission in his present petition, he did not request an earlier trial, and it is now too late to raise this point. Harris v. State, 194 Md. 288, 71 A.2d 36; Petition of Provoo, D.Md., 17 F.R.D. 183, aff'd 350 U.S. 857, 76 S.Ct. 101, 100 L. Ed. 761.

### (D) Points Arising Out of the Second Trial.

Petitioner contends that he was placed in double jeopardy (1) by the filing of indictment 1157/59 for kidnapping, and (2) by the retrial of the assault counts in indictment 250/57. The decision of Judge Jones on these points is set out in note 1 below.[1]

█ (1) Petitioner unsuccessfully raised the defense of double jeopardy

---

1. "Although the questions of double jeopardy are not properly brought under this post conviction proceeding, they will be answered. As to his conviction at the second trial of kidnapping under the new indictment No. 1157/59, following the dismissal of No. 446/57, it is noted first that No. 1157/59 was entirely proper, even though it was presented by a different Grand Jury. Grand jury proceedings in Maryland are governed by the common law; the jurors can act on their own knowledge, or upon knowledge from practically any source and their action is presumed to be valid. The pendency of one indictment (which was dismissed by the court in this instance) does not bar a second one for the same offense. See Joyce, Indictments, 2d Ed. (1924), Sections 115 and 118. There was, in effect, no trial on the first indictment, for the Court of Appeals declared the first trial to have been a nullity. 216 Md. 26 [139 A.2d 209]. As to whether petitioner was in any respect subjected to double jeopardy in the second trial, based upon the proceedings in the first trial, the simple answer is that the Court of Appeals, as above stated, held that the entire first trial was a nullity because of a basic legal and constitutional defect, i. e., the accused was not present in the courtroom during every stage of the trial. The convictions and judgments were reversed and it was held that the trial and judgments were not valid. This being so, the second trial was, in legal effect, the first and only valid trial and petitioner was properly tried on all counts of the several indictments. That on the second trial he was convicted under a different count of indictment No. 250 than he was on the first, or invalid trial, is of no legal consequence. It is well settled that conviction on a new trial, after the first trial has been held to be invalid, does not place the accused in double jeopardy. Palko v. Connecticut, 302 U.S. 319 [58 S.Ct. 149, 82 L.Ed. 288]; Louisiana v. Resweber, 329 U.S. 459 [67 S.Ct. 374, 91 L.Ed. 422]. Petitioner argues that at the first trial the state 'abandoned' all but the first count of indictment No. 250 and, therefore, he could not be convicted under the fifth count at the second trial. This is answered by the fact that all proceedings under the first trial were a nullity and therefore there could be no acquittal under any of the counts, as petitioner seems to argue. A verdict of acquittal, to bar double jeopardy, must be 'upon a *regular* trial.' Moquin v. State, 216 Md. 524, at 528 [140 A.2d 914, at 916] (emphasis supplied)."

based on indictment 1157/59 before Judge Allen at the second trial and in his application to appeal in forma pauperis from that conviction. It was not argued in his brief to the Court of Appeals. The opinion of the Court of Appeals dwelt at great length with a large number of points raised by Midgett but did not discuss this point, although it may have been included in the general statement: "The appellant has raised a number of other contentions, none of which we find to be well founded." Midgett v. State, 223 Md. 282, at 299, 164 A.2d 526, at 535. In any event, the point with respect to the filing of the new indictment, 1157/59, is entirely without merit. There can be no question about the propriety of the decision of Judge Jones on this point.

■ (2) The claim of double jeopardy as a result of conviction at the second trial under the assault counts of indictment 250/57 is based upon the contention that at the first trial the State had "abandoned" all counts of the indictment except the first count (robbery with a deadly weapon), on which Midgett was then convicted. That conviction was reversed by the Court of Appeals and the case remanded for a new trial.

The decision of Judge Jones with respect to this point is included in note 1 above. It appears to deal quite adequately with what seems to this Court to be a matter of state procedure and not to give rise to any constitutional claim at this time. The Court of Appeals adopted the opinion of Judge Jones, Midgett v. Warden, 229 Md. 617, 182 A.2d 52. Moreover, although the Attorney General now concedes that at the first trial the State abandoned all counts of the indictment except the first count, any question about the propriety of the conviction at the second trial under the assault counts of 250/57 has become moot. The five year sentence imposed at the second trial on that charge was made to run concurrently with the longer sentence imposed at the same time for kidnapping. Both sentences were made to run from January 27, 1957; so any confinement under the sentence imposed on the assault counts in 250/57 expired not later than January 27, 1962. No constitutional ground for relief at this time on this point has been shown.

■ (3) The other points dealing with the second trial require little comment. The contention that there was error in Judge Allen's charge with respect to the elements of assault was either disposed of on appeal or waived. It does not raise any constitutional point. Midgett's contention that he was denied the right to the testimony of his codefendant, because his codefendant claimed his Fifth Amendment privilege before he was called to the stand, was fully and fairly discussed by the Court of Appeals of Maryland, 223 Md. at 289, 164 A.2d at 529 et seq., and affords no ground for relief in this proceeding.

■ In his present petition, Midgett states that at his trial before Judge Allen he alleged that the State forged 1157/59 and requested that any or all of the members of the grand jury he summoned into the court to state whether or not they "rendered" indictment 1157/59, but that Judge Allen denied his petition. He alleges no facts to support the bare allegation of "forgery", and it is difficult to tell whether he intends the statement to be a ground for relief or part of his statement of the case. Since a court is ordinarily not justified in going behind the official grand jury records and since petitioner has alleged no facts to justify such an unusual procedure, no relief could be granted on this point at this time.

For all the foregoing reasons, the present petition for a writ of habeas corpus is hereby denied.

The Clerk is instructed to send a copy of this opinion and order to the petitioner and to the Attorney General of Maryland.