NICHOLS *v.* WARDEN OF THE MARYLAND HOUSE OF CORRECTION

[App. No. 26, September Term, 1963.]

*Decided October 21, 1963.*

Before the full Court.

HAMMOND, J., delivered the opinion of the Court.

Paul Nichols was convicted of assault and battery by Judge Rollins sitting without a jury in the Circuit Court for Queen Anne's County on May 3, 1961, and sentenced to three years in the Maryland House of Correction. Thereafter, Nichols was tried for violation of the Maryland lottery laws by Judge Keating and Judge Rasin in the same court, and on May 8, 1961, was convicted and sentenced to one year in the Maryland House of Correction, the sentence to run consecutively with the sentence imposed in the previously mentioned proceeding.

On February 21, 1963, Nichols filed a petition for relief under the Post Conviction Procedure Act from his conviction for violation of the lottery laws, alleging that: (1) the evidence used against him was seized illegally without a warrant; (2) his case was improperly conducted by his counsel, because he failed to prove that the State's evidence was illegally seized, and he did not cross-examine the State's witness; and (3) a part of the trial was conducted out of his presence. Following a hearing which lasted some four and one-half hours, petitioner's application for relief was denied.

Nichols stated in his application that he was sentenced "by the Honorable Judge Canton, by whom said case tried with Judge trial * * *." We suspect that he was alluding to Judge Carter of the Circuit Court for Queen Anne's County who presided at Nichols' hearing on his petition for post conviction relief; however, if he was, he was wrong, because the record on appeal clearly indicates that Judge Keating and Judge Rasin conducted the lottery trial below.

Judge Carter noted in his memorandum that "the accused himself testified that he gave the officer permission to search [Nichols' dwelling] for the purpose of determining whether there was a gun in the premises." It was during that search that evidence of violation of the lottery laws was seized, and then at the trial introduced against petitioner, notwithstanding his objections. "It is my general understanding," Judge Carter continued, "that when permission for a search is given that if the searching authority in the course thereof discovers evidence of other illegal activity such evidence is considered to have been lawfully procured." We agree with Judge Carter's statement. See *Edwards v. State,* 196 Md. 233; *Harris v. United States,* 331 U. S. 145; *Collins v. United States,* 289 F. 2d 129 (C. A. 5th).

Judge Carter's memorandum shows that petitioner abandoned his second allegation at the hearing, and the only portions of Nichols' trial on the lottery charge which were conducted out of his presence were "a research of the law by the Court in chambers and a discussion with counsel for both the State and the accused in chambers."

*Application denied.*