Curtis Edward MIDGETT, Appellant,

v.

WARDEN, MARYLAND STATE PENITENTIARY, Appellee.

No. 9062.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 18, 1963.

Decided Feb. 25, 1964.

Calvert Ross Bregel, Baltimore, Md. (Court-assigned counsel), for appellant.

Stuart H. Rome, Asst. Atty. Gen., of Maryland (Thomas B. Finan, Atty. Gen. of Maryland, on brief), for appellee.

Before BOREMAN and J. SPENCER BELL, Circuit Judges, and BARKSDALE, District Judge.

J. SPENCER BELL, Circuit Judge.

Midgett appeals from an order of the district court refusing a plenary hearing on his application for a writ of habeas corpus. A number of grounds set forth in the petition were rejected by the court on the basis of the records in various state court proceedings; others were rejected upon the ground that the petitioner had not exhausted his remedies under Maryland's Post Conviction Procedure Act [hereinafter PCPA].[1] We are in accord with the district judge's ruling and will discuss seriatim the questions raised on appeal by petitioner's very able counsel.

The petitioner went through two trials, the first of which was reversed, Midgett v. State, 216 Md. 26, 139 A.2d 209 (1958), and the second affirmed, Midgett v. State, 223 Md. 282, 164 A.2d 526 (1960), cert. denied, Midgett v. Maryland, 365 U.S. 853, 81 S.Ct. 819, 5 L.Ed.2d 817 (1961). After having two petitions rejected by the federal courts for failure to exhaust his state remedies, Midgett filed a petition under the Maryland PCPA in the Criminal Court of Baltimore. His petition was dismissed and leave to appeal was denied by the Maryland Court of Appeals, Midgett v. Warden, etc., 229 Md. 617, 182 A.2d 52 (1962), which adopted the opinion of the lower court. Because the background facts are thoroughly documented in these references, we shall confine ourselves to those facts necessary to our decision here.

■ The petitioner first complains that the district court erred in refusing him a plenary hearing on his contention that his confession used in his second trial was coerced. He sets forth a number of grounds to support his contention of coercion, the most cogent of which is that the police threatened to charge his wife as an accomplice to his crimes if he did not confess. The record shows that he objected to the use of the confession at his second trial on several grounds, including the threat to his wife. On his second appeal, he raised the ques-

tion of his coerced confession, but the charge that his wife had been threatened was not made to the appellate court as one of the grounds for rejecting the confession. The district court found that not only was this charge of a threat to his wife not advanced on his second appeal, it has not been advanced in any of his subsequent post conviction petitions. We accept this finding of the district court although we cannot verify it because the state court record which he examined is not made a part of this record on appeal. For his failure to present this ground in any post conviction procedure petition in the state courts, the court below rejected his petition for habeas as premature on this point.

The petitioner contends, however, that notwithstanding the fact that he has never presented this argument to the Maryland courts he is now barred from doing so by Maryland law and, therefore, he *has* exhausted all of the state remedies *now* available to him and under the doctrine of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), is now entitled to have his complaint heard in the federal courts. Against this argument, the Attorney General of Maryland earnestly contends that the law of Maryland does not prohibit the petitioner from being heard upon his newly alleged ground for rejection of his confession. He concedes that prior to Fay v. Noia the Maryland courts did reject post conviction petitions bottomed on any ground which could have been raised on direct appeal—and this is such a ground—but he contends no decision of the court since Fay v. Noia has so held. He, therefore, urges this court to assume that Maryland will recognize the import of that decision and revise its rules in order to prevent its courts from becoming "mere way stations on the road to the federal courts."

The court below accepted this argument and abstained from considering this aspect of the petition on its merits until Midgett should test the existence

1. ANN.CODE OF MD. art. 27, § 645A et seq. (1958).

·of a remedy in the state court. This decision of the district court is buttressed to some extent by the fact that since the Fay v. Noia decision, the Maryland Court of Appeals has considered two PCPA petitions, both of which could have been dismissed summarily under its prior ruling of automatic waiver by failure to take a point up on direct appeal, but in both cases the court refrained from doing so. In one case Nichols v. Warden, etc., 232 Md. 663, 194 A.2d 444 (1963), where no direct appeal was taken, the court affirmed a lower court decision ·on the merits of a PCPA petition involving claims of an illegal search and absence from the courtroom. Both these questions under the old Maryland rule ·should properly have been brought up only on direct appeal. In Edward v. Warden, etc., 232 Md. 667, 195 A.2d 40 (1963), the court reversed a lower court which had refused to consider on the merits matters which could have come up on direct appeal. However, there were extenuating circumstances in the case involving the retroactivity of the Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), doctrine. The court expressly reserved a decision on the questions of automatic waiver and repetitious petitions.

We have difficulty reading as much as the Attorney General does into these cases. The district court, however, seems to be of the impression that Maryland is in the process of modifying its procedure on PCPA petitions. Under these ·circumstances, we are not prepared to hold that the court abused its discretion in abstaining until petitioner could seek a review in the state courts of his newly advanced grounds for contending that his confession was coerced. Cf. Mahurin v. Nash, 321 F.2d 662 (8 Cir. 1963).

██ The next question raised by the ·appellant is that he was denied the benefit of the testimony of an accomplice be·cause the trial judge advised that witness of his Fifth Amendment right not to testify and allowed him to assert such right in open court and refuse to take the stand without first having been sworn.

The Maryland Court of Appeals in its opinion on the second appeal set forth the facts in detail, and while conceding that it would have been better practice to have first sworn the witness before allowing him to plead the Fifth, it nevertheless found that the conduct of the court had not as a matter of law violated the petitioner's constitutional rights. With this legal conclusion the district court agreed. The petitioner does not now allege any facts differing from those set forth in the opinion of the Court of Appeals. This being so, we see no reason why the district court could not accept those facts, particularly since it had access to the entire record and presumably ascertained that the facts found by the court were justified by that record. Indeed there seems to be no dispute about the historical facts.

██ Nor is there anything wrong with the fact that the district court on those facts reached the same legal conclusions as did the Maryland Court of Appeals. It is not the Fifth Amendment rights of the witness with which we are concerned; it is the right of the petitioner to have the state's process to bring his witness into court. This he had. If his witness would not voluntarily take the stand and petitioner did not insist, we cannot see that his constitutional right was abused. The petitioner suggests no fact which he sought to bring out by this witness which would have given the court any basis on which to conclude that the petitioner was damaged.

██ We think the petitioner's naked assertion, without any background factual substantiation whatsoever, that one of the indictments under which he was tried was "forged" by the state's attorney did not raise a factual issue entitling him to a plenary hearing in this case. The district court examined the indictment, finding nothing irregular on its face. It is an official grand jury record. Absent some supporting evidence, the allegation is patently frivolous.

Finally, we think the petitioner's claims of double jeopardy both as to his

retrial for kidnapping under indictment 1157/59 and his retrial under indictment 250/57 for robbery and assault are without substance for the reasons pointed out by the district court, which need no further elaboration here. Especially is this true with reference to his complaints concerning indictment 250/57 because he has completed serving his sentence thereunder.

The order of the district court is Affirmed.