Otto Jefferson GIBSON, Petitioner,

v.

C. C. PEYTON, Superintendent, Virginia
State Penitentiary, Respondent.

Civ. A. No. 69–C–47–A.

United States District Court
W. D. Virginia,
Abingdon Division.

July 24, 1969.

Curtis R. Mann, Asst. Atty. Gen.,
Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This proceeding comes before the court
on a petition for habeas corpus filed *in
forma pauperis* by Otto Jefferson Gibson,
a prisoner of the state of Virginia, pur-
suant to the provisions of 28 U.S.C.A.
§ 2241.

Petitioner is presently serving a sen-
tence for forty-five years in the Virginia
State Penitentiary pursuant to his con-
viction on March 13, 1963, in the Circuit
Court of Russell County, Virginia, for
murder in the first degree. Petitioner
did not appeal from the conviction, but
subsequently sought a writ of habeas
corpus in the State Court on three of the
grounds that are presently alleged before
this court. After a full plenary hearing
the Russell County Circuit Court denied

the writ, and on appeal that decision was affirmed by the Virginia Supreme Court of Appeals. Thus petitioner has exhausted his state remedies with regard to three of his allegations in compliance with the provisions of 28 U.S.C.A. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). This court does not rule on petitioner's allegations that he was denied a preliminary hearing and visits from his family while in jail, because he has not as yet exhausted his state remedies.

Petitioner alleges that his constitutional rights were violated in at least three instances at the murder trial in the Russell County Circuit Court as follows:

1. That he was coerced into confessing his guilt to the charge.
2. That by reason of the illegally obtained confession he was induced to enter a plea of guilty.
3. That he was inadequately and ineffectively represented by counsel.

■ Petitioner in his first allegation says that he was illegally coerced into confessing his guilt to the charge of murder. He attempts to substantiate his allegation of a coerced confession by asserting that he was led by the clever insinuations of the Commonwealth's Attorney to believe that he would receive only a twenty year sentence for his crime if he cooperated and confessed. Petitioner states that the Commonwealth's Attorney said that a twenty year sentence would be "reasonable". However, both the Commonwealth's Attorney and a sheriff present at the time of the questioning deny that any such innuendo was made. Indeed, considering the atrociousness of the crime with which petitioner was charged, twenty years seems patently unreasonable. Petitioner himself testified that his confession was voluntarily given and that no threats or promises had been made to him. His attorney, Mr. Beauchamp, testified that petitioner made no mention to him of the Commonwealth's Attorney's alleged promise to recommend a twenty year sentence and

furthermore, he advised petitioner that the court might impose life imprisonment. Faced with all this evidence, petitioner still maintains that he was coerced into confessing by promises of the Commonwealth's Attorney. The petitioner's "naked assertions, without any background factual substantiation whatsoever * * *" do not entitle him to relief in a habeas corpus proceeding. Midgett v. Warden, 329 F.2d 185, 187 (4th Cir. 1964).

Petitioner also alleges that he was not advised of his rights before he confessed, but this statement is contradicted by evidence in the record. The Commonwealth's Attorney advised petitioner before he confessed that he had the right to counsel and the right to remain silent. It is to be noted that this case was decided before the keynote cases of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), but even so, petitioner was fully advised of his rights before he made a confession.

■ Petitioner's second allegation is that by reason of the illegally obtained confession he was induced to enter a plea of guilty. This allegation, however, is not substantiated by the facts. The record clearly shows that petitioner was advised by counsel of the various defenses that he could make. It was petitioner's considered opinion, formulated with the advice of counsel that it would be best if he pleaded guilty as charged. Petitioner did not testify in the lower court proceeding that he entered a plea of guilty solely because of his confession. The record indicates that the reason for petitioner's guilty plea was the fact that he had absolutely no defense.

■ Petitioner's third allegation that he was inadequately and ineffectively represented by counsel is also without foundation. Petitioner bases this allegation on the fact that his counsel had only four days in which to prepare his case. Petitioner was represented by an experi-

enced court appointed attorney who testified in the lower court proceeding that after several conferences with the petitioner and after discovering the Commonwealth's evidence he was fully prepared to go to trial. Petitioner had no witnesses and no defense to the charge of first degree murder. In order to establish that he was denied the effective assistance of counsel, petitioner must prove by a preponderance of the evidence that he was prejudiced by his counsel's action or inaction. There has been no such showing. It is the rule in the Fourth Circuit that the effective assistance of counsel is not denied where the record shows affirmatively that the prisoner was not prejudiced by the late time of appointment of counsel or his lack of preparation. Turner v. Maryland, 318 F.2d 852 (4th Cir. 1963); Dawson v. Peyton, 359 F.2d 149 (4th Cir. 1966); Braxton v. Peyton, 365 F.2d 563 (4th Cir. 1966).

■ Only when counsel's actions are such as to make a farce of the trial will the question of ineffective assistance of counsel be raised. Root v. Cunningham, 344 F.2d 1 (4th Cir. 1965).

For the reasons above stated and upon mature consideration of the facts relied upon by petitioner, the court finds that petitioner received a fair and impartial trial with due process in which none of his constitutional rights were denied him.

All necessary facts were sufficiently disclosed in petitioner's plenary hearing before the Russell County Circuit Court on April 6, 1967, for this court to rule in this case. Therefore, it is not necessary to hold a hearing for the determination of any additional facts. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963).

This court being satisfied that petitioner received a fair and impartial trial, it is therefore hereby adjudged and ordered that the petition for habeas corpus be and hereby is denied.

The clerk of the court is directed to send a certified copy of this opinion and judgment to the petitioner and to the respondent.