**LaFayette SMITH a/k/a Mack, Petitioner-Appellant,**

v.

**E. P. HASKINS, Superintendent London Correctional Institution, Respondent-Appellee.**

**No. 19969.**

United States Court of Appeals, Sixth Circuit.

Feb. 9, 1970.

Paul W. Brown, Atty. Gen. of Ohio, Stephen M. Miller, Asst. Atty. Gen., Columbus, Ohio, for appellee on motion to affirm.

LaFayette Smith, pro se.

Before CELEBREZZE, PECK and COMBS, Circuit Judges.

PER CURIAM.

Petitioner-appellant, who is confined in an Ohio penitentiary, was convicted for second degree murder and sentenced to life imprisonment on March 1, 1965. This sentence is to be served consecutively to a one-to-seven year sentence previously imposed following petitioner's conviction for concealing stolen goods. The murder conviction was affirmed by the First District Court of Appeals of Ohio, and the Ohio Supreme Court overruled a motion for leave to appeal. Thereafter, petitioner sought habeas corpus relief in federal district court, attacking only the murder conviction. The district judge dismissed the petition without a hearing, and petitioner appeals. The state has filed a motion to affirm the judgment of the district court under this Court's Rule 8.

The petition for habeas corpus alleges that (1) the trial judge committed prejudicial error; (2) the police failed to inform petitioner of his right to remain silent and his right to counsel; (3) there was unnecessary delay in taking petitioner before a magistrate following his arrest; (4) petitioner was denied the right to counsel at a police line-up; and (5) the trial court erred in sentencing petitioner before overruling a motion for new trial.

 The district court held that allegations (1) through (4) were conclusions unsupported by any factual definition, and that allegation (5) did not state a constitutional deprivation. Our examination of the record reveals that allegation (1) is a mere conclusion without any facts to support it. Allegation (2) contains no reference to whether a statement was taken from petitioner or, if a statement was taken, whether it was introduced at trial. Allegation (3) fails to state the length of the alleged delay in taking petitioner before a magistrate or whether any statements were made by petitioner during that period. With respect to allegation (4), petitioner fails to allege any of the circumstances under which the line-up was conducted or that an in-court identification was made based on a pre-trial line-up. Moreover, it appears that any line-up in which petitioner participated occurred prior to United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), where it was held that an accused is entitled to the aid of counsel at a police line-up. Wade is not to be applied retroactively. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Allegation (5) obviously does not raise a constitutional question. Under these circumstances, the district court properly dismissed the petition. Gray v. Wingo, 391 F.2d 268 (6th Cir. 1967); Martinez v. United States, 344 F.2d 325 (10th Cir. 1965); Midgett v. Maryland State Penitentiary, 329 F.2d 185, 187 (4th Cir. 1964).

It being manifest that the questions on which decision depends are so unsubstantial as not to need further argument, the motion to affirm the judgment of the district court is granted. Rule 8, Rules of the Sixth Circuit.

The judgment is affirmed.