**Curtis E. MIDGETT**

v.

**Gerald McCLELLAND, Warden of the Maryland Penitentiary.**

**Civ. No. 11867.**

United States District Court,
D. Maryland.

Oct. 28, 1975.

Charles F. Morgan, Legal Aid Bureau, Inc., Baltimore, Md., for petitioner.

Francis B. Burch, Atty. Gen. of Maryland, Henry J. Frankel, Asst. Atty. Gen. of the State of Maryland, Baltimore, Md., for respondent.

## MEMORANDUM AND ORDER

HERBERT F. MURRAY, District Judge.

Petitioner was convicted of armed robbery and kidnapping in the Criminal Court of Baltimore City on May 3, 1957, and was sentenced to consecutive prison terms of twenty and fifteen years, respectively. This judgment of conviction was reversed by the Maryland Court of Appeals and a new trial was ordered. *Midgett v. State,* 216 Md. 26, 139 A.2d 209 (1958). Midgett was retried and convicted by a jury in the Criminal Court for Baltimore City on June 22, 1959, of kidnapping, conspiracy to commit robbery and assault. On December 11, 1959, he was sentenced by Judge Allen to a term of thirty years for kidnapping, five years consecutive for conspiracy and five years concurrent for assault. He was found not guilty of armed robbery upon retrial. On appeal the judgments were affirmed. *Midgett v. State,* 223 Md. 282, 164 A.2d 526.

Midgett, in his petition for habeas corpus relief, contended that he was entitled to

such relief under the doctrine of *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), which prohibits a longer sentence to be imposed upon conviction after retrial, unless the sentencing court expressly states the reasons supporting a more severe sentence. Since the filing of the petition for habeas corpus, Midgett was paroled by the State of Maryland on March 19, 1975.

In a prior Memorandum and Order, dated August 3, 1973, this Court denied Midgett's petition, after noting that a subsequent decision of the Supreme Court, *Michigan v. Payne,* 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973), held that the *Pearce* requirements were not to be accorded retroactive application to resentencing procedures occurring prior to the date of the *Pearce* decision, which was June 23, 1969.

Petitioner appealed this decision to the Court of Appeals for the Fourth Circuit. In reversing this Court's decision, the Fourth Circuit, after agreeing that *Pearce* was not applicable in light of the *Michigan v. Payne* decision, stated:

> The Supreme Court in *Payne* was careful to point out, however, that *Pearce* did not state a new constitutional rule and that 'it cannot be questioned that this basic due process protection articulated in *Pearce* is available equally to defendants resentenced before and after the date of decision in that case.' 412 U.S. at 50–51, [93 S.Ct. 1966.] The difference is that in post-*Pearce* proceedings the sentencing judge's reasons must be affirmatively stated and must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing, while in the pre-*Pearce* situations the defendant must come forward with evidence of retaliatory motivation on the part of the judge who imposed the second, more severe sentence. *Midgett v. McClellan,* Mem.Dec., No. 73–2239 (4th Cir. decided July 15, 1974), at 3.

After reviewing the transcript of the resentencing proceeding in this case, the Fourth Circuit took particular note of the following statements of Judge Allen during that proceeding:

> You were tried once before a jury and found guilty of kidnapping and armed robbery, at that time you were sentenced by Judge Warnken, to a total of 35 years in the Maryland Penitentiary. I consider the total sentence imposed by Judge Warnken a just one and not excessive; for the crime for which you were found guilty before me I shall therefore adopt it and follow it, the sentence of the Court is, in Indictment No. 1157 of 1959 that of kidnapping 30 years in the Maryland Penitentiary; Indictment No. 2120 of 1958 that of conspiracy five years in the Maryland Penitentiary; these sentences to be served consecutively; Indictment No. 250 of 1957 that of assault, five years in the Maryland Penitentiary. This sentence to be served concurrently with the two sentences previously pronounced.

After citing the analogous cases of *Chandler v. United States,* 468 F.2d 834 (5th Cir. 1972) and *United States v. Welty,* 426 F.2d 615 (3d Cir. 1970), the Fourth Circuit found that Judge Allen's express adoption of the total time period of the initial sentence notwithstanding that petitioner had been convicted of different offenses at the two trials, coupled with the fact that the original sentence of fifteen years for kidnapping had been doubled by Judge Allen upon resentencing, "strongly suggests the possibility that [Midgett's] kidnapping sentence was increased in consideration of his acquittal on the armed robbery charge." *Midgett v. McClellan, supra,* at 6. If this were the reason, held the Fourth Circuit, such a sentence would have violated the due process clause. The Fourth Circuit thereupon remanded the matter for further factual development by this Court. The Court of Appeals then suggested that such factual development might be accomplished by way of additional pleadings, affidavits or examination of the original transcript of Midgett's second trial and the related sentencing proceedings.

In line with the Fourth Circuit's directive, the Court and counsel have engaged

in repeated attempts to discover what information might exist which could shed light on Judge Allen's motivation during a sentencing proceeding which took place over fifteen years ago. In addition to the obvious problems which would attend any such temporally distant inquiry, the matter was further complicated by the fact that Judge Allen passed away some years ago. Nevertheless, after a series of conferences, hearings and correspondence, efforts were made to locate any and all parties who were either directly or indirectly concerned with the events relating to Midgett's retrial and resentencing during 1959. Rather than engage in a lengthy narrative as to the efforts made in this regard, suffice it to say that due to the passage of time, the memories of those who might have been able to share some information with the Court in this regard had been understandably dimmed to the point where any further inquiry along these lines would have been a meaningless gesture.

Furthermore, while the Court did pursue the suggested avenue of reviewing the transcript of the petitioner's retrial and related sentencing proceedings, which consisted of over 1,200 pages, such review, when viewed in light of the specific issue involved, did not contribute measurably to a resolution of the matter.

■ Of course, if the term "retaliatory motivation" be viewed as connoting hostility and vindictiveness, then a review of the transcript might be considered dispositive, for it revealed in each and every instance the fact that Judge Allen was most tolerant and hospitable to petitioner, who was acting *pro se* and who afforded numerous occasions to try the patience of the judge. However, in the Court's opinion, the term retaliatory motivation, as used in analogous cases such as *Chandler,* does not necessarily involve any showing of personal animosity and ill-will by the sentencing judge. Rather, in an appropriate case, retaliatory motivation could be presumed from the objective fact that a previously imposed sentence is inordinately augmented without apparent reason upon reconviction for the same offense.

■ A comparison of the indictments in the first trial and those in the second trial makes it clear that petitioner was not denied due process by the sentencing judge when he was sentenced following the second trial to a term of thirty years for kidnapping. In petitioner's first trial, the kidnapping indictment read as follows:

[The Jurors do present that defendants] feloniously, forcibly and fraudulently did carry and cause to be carried within this State a certain person, to wit, Charles W. Zeller, with intent to have the said Charles W. Zeller, carried within this State. . . .

The kidnapping indictment contained only the one count quoted above. The kidnapping indictment in the second trial differed significantly from that in the first. It contained the following two counts:

[That the defendants] feloniously did kidnap and make an assault upon a certain person, to wit, Charles W. Zeller, and then and there against the consent, of him, the said Charles W. Zeller, forcibly and fraudulently, him, the said Charles W. Zeller, did carry and cause to be carried within this State with intent to have the said Charles W. Zeller carried within this State, contrary to the form of the act of assembly, in such case made and provided, and against the peace, government and dignity of the State.

SECOND COUNT

And the Jurors aforesaid, upon their oath aforesaid, do further present that [defendants] . . . feloniously did kidnap and make an assault upon a certain person, to wit, Charles W. Zeller, and then and there, against the consent of him, the said Charles W. Zeller, forcibly and fraudulently him, the said Charles W. Zeller, did carry and cause to be carried within this State, with intent to have said Charles W. Zeller concealed within this State. . . .

The second indictment contains two additional elements. First, petitioner was charged not only with kidnapping but also

with assault. Second, the second count contains the charge that defendants carried Charles W. Zeller within the state, with the intent to conceal him within the state. The only intent charged in the first indictment is the intent to carry and not the intent to conceal. It would not be evidence of retaliatory motivation that Judge Allen took into account the aggravating elements of assault in the course of kidnapping and intent to conceal in imposing a harsher penalty upon retrial. In such a case, the judge was not giving petitioner a stricter sentence for the *same* offense. Rather, the elements of the second charge of kidnapping differed in the material respects noted above, thereby justifying a different sentence.

That this is so more fully appears when the history of the kidnapping charges against petitioner is considered. The Maryland Court of ·Appeals on Midgett's first appeal found that there were two basic errors in the charge to the jury at the first trial. As the Court stated (216 Md. at 40, 139 A.2d at 216):

> As we have previously indicated, the failure to distinguish between false imprisonment and kidnapping, which resulted in the erroneous instruction to the effect that the officer did not have to be carried from the place where he was seized—which constituted the so-called charge of a 'standstill' kidnapping—was not only entirely unnecessary, but was clearly improper under the indictment and proof.
>
> Since the indictment in this case charged the defendant with *carrying* the seized officer, *with intent to have him carried,* but did not charge the defendant *with intent to .have him concealed,* it is clear that any reference in the charge or instruction to the word 'concealed' could have the effect of misleading and confusing the jury and was highly prejudicial to the defendant. (Emphasis in the opinion of the Court).

The Court noted these matters because of the reversal of the judgment and sentence arising from the defendant's not being present in the courtroom at every stage of the trial, and for the "guidance of the lower court and to avoid the expense and delay of another appeal to this Court to decide the points or questions of law raised by the objection to the instructions on the law applicable to the charge of kidnapping. . . ."

After tracing the evolution of the law with regard to kidnapping, the Maryland Court of Appeals on this phase of the first appeal concluded by stating (216 Md. at 41, 139 A.2d at 217):

> We reiterate that the erroneous definition of kidnapping coupled with an irrelevant reference to an intent to 'conceal' the officer, made the instruction misleading and confusing and clearly prejudicial by diverting the mind of the jury from the single charge of carrying with an intent to 'carry', and directing its attention to the *more aggravated element of the offense of kidnapping with which the defendant was not charged.* (Emphasis supplied).

If matters had remained in this posture following remand, Judge Allen would have been circumscribed by the guidelines laid down by the Court of Appeals and would have been limited to the single "carrying" charge of the original kidnapping indictment on retrial.

However, on remand of the case petitioner on December 2, 1958 filed in proper person a motion to dismiss the indictment. The Court on January 21, 1959 appointed counsel to argue the motion on petitioner's behalf. A hearing was held on the motion on February 5, 1959 and on March 9, 1959, Judge Joseph Allen filed a memorandum opinion and order dismissing the original kidnapping indictment, No. 446 of the Docket of 1957, and directed the filing of a new indictment on or before March 31, 1959. Thereafter on March 31, 1959 a new indictment in two counts as already mentioned, was filed, No. 1157 of Docket 1959.

Following petitioner's trial before Judge Allen, the jury was fully advised of the law with regard to kidnapping as it applied to both counts of the indictment. No exceptions were taken by petitioner to the Court's advisory instructions and the jury

found petitioner guilty on both counts. On motion for new trial and on the subsequent appeal no point was made either as to the advisory instructions on the law with regard to kidnapping or as to the sentence imposed.

In summary, the case was in a quite different posture when tried before Judge Allen. A new indictment properly charging the more aggravated type of kidnapping offense had been returned after petitioner had secured the dismissal of the earlier indictment. He was properly tried under the new indictment and properly given a longer sentence, not because of any retaliatory motivation on the part of Judge Allen, but because of the difference in the elements of the kidnapping charge as presented in the two cases.

■ In the second trial, petitioner did receive a five year sentence for assault. Nevertheless, it cannot be argued that petitioner was sentenced twice for the same offense on the ground that the kidnapping sentence was based in part on assault. Rather, petitioner was convicted on one indictment of assault and kidnapping, on one indictment of conspiracy, and on a third indictment of assault alone. In his instructions to the jury, Judge Allen explained that one of the essential elements of the kidnapping indictment was that the defendant shall first have assaulted the victim. Thus, the assault element was a necessary part of the kidnapping indictment. If the jury found there was not sufficient evidence of assault, it could not convict petitioner of kidnapping either. The guilty verdict on the kidnapping charge, therefore meant that petitioner was guilty of assault and kidnapping with the intent to carry and also with the intent to conceal. The guilty verdict in the first trial meant only that petitioner was guilty of kidnapping with the intent to carry.

In the second trial, petitioner was also charged with simple assault in the fifth count of the third indictment, which indictment also charged armed robbery. It was on this count that petitioner was sentenced to five years. Appropriately Judge Allen made the sentence concurrent with that on the kidnapping charge. There was ample evidence of a separate assault and disarming of the police officer at gun point before he was actually kidnapped, transported and left tied to a tree in a rural area in midwinter. *See Hunt v. State,* 12 Md.App. 286 at 310, 278 A.2d 637 (1971).

In sum, the petitioner has failed to come forward with evidence of retaliatory motivation on the part of the judge who imposed the second, allegedly more severe sentence. The crime charged in the second trial differed from that in the first so that a judge reasonably might have imposed a greater sentence. In addition, as pointed out by the Fourth Circuit Court of Appeals, the likelihood that his kidnapping sentence was increased in order to negate the acquittal on the robbery charge may be offset by the fact that the judge did not need to increase the kidnapping sentence in order to achieve the same total sentence, since the maximum terms for conspiracy and assault, ten years each, added consecutively to the original kidnapping term, would have totaled thirty-five years.

## DOUBLE JEOPARDY

The Court of Appeals also asked this Court to consider a possible double jeopardy claim based on the assault conviction at the second trial. The question is whether petitioner was placed in jeopardy on the charge of simple assault at his first trial. It appears from the record that petitioner was indicted for simple assault in Count V of the original armed robbery indictment. It also appears that, at some point before the case went to the jury, the State dropped the charge of assault. In its reversal of the conviction, the Maryland Court of Appeals stated:

> [The armed robbery indictment] also charged the defendant with five other offenses in six counts, but all except the first count were abandoned by the State *at the close of all the evidence.* (emphasis supplied)

■ However, the issue of double jeopardy is moot at this date. Petitioner was

sentenced to 30 years for kidnapping, 5 years for conspiracy, these sentences to be served consecutively, and 5 years for assault, the assault sentence to be served *concurrently* with the two other sentences. All of the sentences dated from January 27, 1957. Since the assault sentence was to be served concurrently with the other sentences and was for a period of 5 years, it is clear that petitioner has already served the time in custody required on the assault charge. Nor could that time be credited to the time remaining to be served, since the sentence was a concurrent one, and there is no question that the convictions for kidnapping and conspiracy were constitutionally obtained. Thus, for the further reason that the double jeopardy issue on the assault charge is moot, no present constitutional ground for relief has been demonstrated.

■ Finally, the issue of double jeopardy has already been thoroughly litigated. In a Memorandum and Order denying relief under the Post Conviction Procedure Act, dated March 12, 1962, Judge Shirley B. Jones considered two double jeopardy claims raised by petitioner: first, that his retrial on the kidnapping charges put him in double jeopardy, and second, that his conviction for assault in the second trial subjected him to double jeopardy, the same contention discussed herein. Judge Jones stated:

There was, in effect, no trial on the first indictment, for the Court of Appeals declared the first trial to have been a nullity. 216 Md. 26. [, 139 A.2d 209] As to whether petitioner was in any respect subjected to double jeopardy in the second trial, based upon the proceedings in the first trial, the simple answer is that the Court of Appeals, as above stated, held that the entire first trial was a nullity because of a basic legal and constitutional defect. . . . The convictions and judgments were reversed and it was held that the trial and judgments were not valid. This being so, the second trial was, in legal effect, the first and only valid trial and petitioner was properly tried on all counts of the several indictments. . . . A verdict of acquittal, to bar double jeopardy must be 'upon a

*regular* trial.' *Moquin v. State,* 216 Md. 524 at 528 [,140 A.2d 914] (emphasis supplied)

The same point was considered in a petition for writ of habeas corpus before Chief Judge Thomsen of this Court in a Memorandum and Order dated June 11, 1963, and reported at 217 F.Supp. 843 (D.Md.1963). Judge Thomsen stated, "There can be no question about the propriety of the decision of the Judge Jones on this point," quoting extensively from Judge Jones' opinion in footnote 1.

In *Midgett v. Warden,* 329 F.2d 185 (4th Cir. 1964), the Court of Appeals for the Fourth Circuit affirmed the decision of Chief Judge Thomsen and considered the double jeopardy point:

Finally, we think the petitioner's claims of double jeopardy both as to his retrial for kidnapping under indictment 1157/59 and his retrial under indictment 250/57 for robbery and assault are without substance for the reasons pointed out by the district court, which need no further elaboration here. Especially is this true with reference to his complaints concerning indictment 250/57 because he has completed serving his sentence thereunder. (at 188)

Therefore, for all of the reasons noted above, the Court holds that petitioner has no valid claim of double jeopardy.

Accordingly, for the reasons stated in this Memorandum and Order, it is this 28th day of October, 1975 by the United States District Court for the District of Maryland,

ORDERED:

(1) that the petition for writ of habeas corpus be, and the same hereby is, *Denied* ; and

(2) that the Clerk of the Court is directed to mail copies of this Memorandum and Order to the petitioner and to the Attorney General for the State of Maryland.