Curtis E. MIDGETT, Appellant,

v.

Gerald McCLELLAND, Warden of the Maryland Penitentiary, Appellee.

No. 75–2338.

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1976.

Decided Jan. 13, 1977.

Henrietta U. Golding, Third Year Law Student (Randall M. Chastain, Columbia, S. C. [court-appointed counsel], on brief), for appellant.

Henry E. Dugan, Jr., Asst. Atty. Gen., Baltimore, Md. (Francis B. Burch, Atty. Gen., Clarence W. Sharp, Asst. Atty. Gen., Chief, Crim. Div., Baltimore, Md., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Senior Circuit Judge, and BUTZNER, Circuit Judge.

### HAYNSWORTH, Chief Judge.

In this habeas corpus proceeding complaint is primarily made about the imposition of a heavier sentence after a second conviction of kidnapping, the judgment of conviction after the first trial having been reversed by the Court of Appeals of Maryland. Relief was denied in the District Court 422 F.Supp. 82, upon the ground that the second trial was upon a new indictment charging a more serious offense than the first. We disagree and reverse with directions.

Midgett and two others were in a parking lot preparing for an armed robbery of the headquarters of the White Coffee Pot Restaurants, Inc. in Baltimore when a lone policeman drove into the parking lot in his patrol car. One of the three intended robbers confronted the policeman with a drawn revolver and told the policeman not to move or he would be killed. The other two attempted to remove the policeman's revolver from its holster, but could not succeed in releasing the spring latch which held it in place. They then removed his belt with its attached holster and pistol and flashlight. They then transported the disarmed policeman to a rural area where they left him tied to a tree.

Later, the three kidnappers threw away the articles they had taken from the policeman, except for the revolver. Still later, one of them hid the revolver in some bushes, from which hiding place it was recovered after the three kidnappers had been arrested.

Midgett was tried on indictments charging him, among other things, with kidnapping the policeman, armed robbery of the policeman, and assault upon the policeman. At the conclusion of the trial, the assault charge was dropped by the prosecution, and the jury returned a verdict of guilty on the kidnapping and armed robbery charges. The trial judge imposed upon him a sentence of fifteen years for kidnapping and twenty years for armed robbery, for a total of thirty-five years.

The Court of Appeals of Maryland reversed the conviction and ordered a new trial because of the absence of the defendant from the courtroom when written inquiries by the jury were received and answered by the judge. The Court of Appeals then proceeded to note several objections to the court's charge to the jury. It stated that it was both unnecessary and confusing to have told the jury that the offense of kidnapping could be completed without any transportation of the victim if the kidnappers held him at the place where the kidnapping occurred with the intention of concealing the victim. It also declared that the jury should be specifically instructed that Midgett could be convicted of armed robbery only if he intended to steal the articles taken from the policeman at the time of the taking, that retention of the revolver might be some evidence of an intention to retain it at the time of the taking, but if the intention to retain the revolver was formed later, the immediate intention being only to disarm the policeman, there could be no conviction of armed robbery.

Thereafter, Midgett moved to dismiss the kidnapping indictment, and the trial judge obliged him upon the condition that a new indictment be sought. A new indictment was returned which charged the forceful kidnapping of the policeman and his transportation from one place within the state to another place within the state, with the intention of carrying, as charged in the first indictment, or alternatively, with the intention of concealing him. He was also indicted for conspiracy to rob the offices of the chain of restaurants.

Notwithstanding the fact that the prosecution had dropped the assault charge at the end of the first trial, Midgett was then put on trial on the new indictment charging kidnapping, the new indictment charging conspiracy to rob the restaurants, and the old charges of assault and armed robbery. The jury returned a verdict of not guilty of

armed robbery, but guilty on the charges of kidnapping, conspiracy and assault.

In imposing the sentence, the second trial judge, who was not the judge who tried Midgett the first time, referred to the sentences aggregating thirty-five years which had been imposed earlier upon Midgett. He stated that he thought the thirty-five year sentence was a just one for the offenses for which Midgett had been convicted in the second trial, and that he would "follow it." He thereupon sentenced him to thirty years on the kidnapping count, to five years to be served consecutively on the conspiracy count, and five years to be served concurrently on the assault charge.

## I

■ Midgett's second trial was in 1959, so he has long since completed service of the assault sentence. We are informed, however, that while on parole in 1975 Midgett was convicted of a handgun offense, and the presence on his record of the conviction for assault may have enhanced the punishment imposed upon him. Since it may have a possible collateral effect and since Midgett is here with claims which are clearly not moot, we will direct that the writ issue, unless the assault conviction is stricken. Putting him to trial on the assault charge after he had been put to trial on that charge once, the prosecution dropping the charge only after the testimony was in, was clearly a violation of Midgett's right not to be put in jeopardy twice.

## II

■ Imposition of a sentence of thirty years for the kidnapping, when the sentence for that offense after the first trial was fifteen years, presents a due process problem. *Michigan v. Payne,* 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973). If the District Court was correct in concluding that the new indictment for kidnapping charged a more serious offense than the first indictment, we would have a some-

what different problem, one with which the Supreme Court dealt in *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), but the new indictment did not charge a graver offense.

In its opinion on the first appeal the Court of Appeals of Maryland, in dealing with the instruction that a forceful detention of the victim without transportation was kidnapping if the perpetrators had the intention of concealing the victim, the court stated that the trial judge had confused the crimes of kidnapping and false imprisonment. It regarded kidnapping as a graver offense than false imprisonment. But, as it observed, any instruction on the subject was irrelevant and unnecessary. The first indictment clearly charged kidnapping rather than false imprisonment, the forceful transportation of the policeman being specifically alleged.[1] At that time, Article 27 § 403 of the Maryland Code provided:

> "Every person, * * * who shall be convicted of the crime of kidnapping and forcibly or fraudulently carrying or causing to be carried out of or within this State any person, * * * with intent to have such person carried out of or within this State, or with the intent to have such person concealed within the State or without the State, shall be guilty of a felony * * *."

The first indictment clearly charged the carriage of the victim with the intent to have him carried. It did not charge the statutory alternative intent that he be carried with the intent to conceal him rather than with the intent to carry him. That alternative was supplied by the second indictment, but that did not enlarge the offense. Had we any reason to believe that the jury thought the transportation was with the intent of concealing the policeman rather than the intent of transporting him, it would still be kidnapping. The statutory language seems awkward, but one would suppose that the kidnappers clearly intended to transport the policeman to a remote

---

1. On Midgett's motion, a state trial judge held this indictment to be defective because of its failure to incorporate the word "kidnapping" or

its equivalent. The fact that the first indictment was imperfect under state law does not mean that it charged a lesser offense.

place where they could bind him up and that they also intended to conceal him until he could free himself from his bonds and they were safely away. Either way, or with the intention both to transport and to conceal, the offense charged in the indictments and proven by the state at the two trials was the same.

Midgett had given a full confession in 1957. Our attention has not been invited to any substantial discrepancy between the content of that confession and the proof at either trial. Thus, at each trial kidnapping was charged, and kidnapping was proven, and neither charge nor proof may be said to have been greater or less in the one than the other.

### III

■ Midgett was tried long before *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), was decided. The specific limitation in *Pearce* to enhancement of punishment after a second trial to instances where the enhancement is based upon conduct occurring after the first trial and clearly stated on the record is inapplicable here. *Michigan v. Payne,* 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736. As *Payne* clearly teaches, however, the underlying due process rights were present long before *Pearce.* When Midgett took his first appeal, he was entitled to do so free of any fear that upon reconviction a retaliatory or retributive sentence would be imposed upon him. After his success in obtaining a new trial, he was entitled to have a sentence imposed upon him which was neither retaliatory, retributive nor vindictive in appearance.

■ The second trial judge is no longer living. His motive may have been neither retaliatory, retributive nor vindictive. It is conceivable that he felt that the first trial judge should have given a much longer sentence on the kidnapping charge and much less on the charge of robbery, but neither we nor the District Judge can know. On its face, it seems retaliatory. The situation was radically altered when the jury acquitted Midgett of armed robbery for which a sentence of twenty years had been imposed. It is significant that the second trial judge knew of the sentence imposed upon Midgett after the first trial, and stated his purpose of following the first trial judge notwithstanding the acquittal on the charge of armed robbery. *See Chaffin v. Stynchcombe,* 412 U.S. 17, 26, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973).

Under all of the circumstances, the judge's declared purpose of imposing a thirty-five year sentence upon Midgett, notwithstanding his acquittal of armed robbery, and his great increase in the punishment imposed upon him for kidnapping appears retaliatory and impermissible. *Michigan v. Payne,* 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736; *United States v. Johnson,* (4th Cir. 1976), 537 F.2d 1170.

### IV

For these reasons, the judgment of the District Court is reversed and the case remanded with directions to issue the writ of habeas corpus unless, within a reasonable time, Midgett's sentence for kidnapping is reduced from thirty-five years to fifteen years and his conviction of assault stricken.

*REVERSED AND REMANDED.*

ALBERT V. BRYAN, Senior Circuit Judge, dissenting.

The decision of the District Court now on review is its response to our two directions for discovery on remand in *Midgett v. McClelland,* No. 73–2239 (4 Cir. July 15, 1974). They were these: (1) to consider (though not requested by the appellant) the possibility of double jeopardy in the conviction for an assault at the second trial, since at the first trial a charge of assault had been abandoned; and (2) to develop further the question of whether Midgett's second sentence for kidnapping—30 years—was increased beyond the first sentence—15 years —"in consideration of his acquittal on the armed robbery charge", to determine whether the greater sentence was invalid as the result of vindictiveness of the trial judge to avenge the acquittal.

In my view the District Court's opinion has soundly responded in the negative to these directives and quite fully too. In his exploration, the judge indefatigably and comprehensively pursued the very methods suggested by us, seeking affidavits and reviewing the 1200 page transcript of the second trial, as to the reasons of the State judge in fixing the sentence. In the process he observed, *passim,* upon the patience that the State judge displayed in the interest of Midgett. The District Judge's conclusion to deny again the habeas corpus is to me impregnable.

The first trial was on two indictments, No. 250 (1957), charging armed robbery and assault, and No. 446 (later in 1957) charging kidnapping. Convicted on both, he appealed. The Maryland Court of Appeals reversed, *Midgett v. State,* 216 Md. 26, 139 A.2d 209 (1958) because of a procedural error only. However, in the course of its opinion the appellate court noted a confusion in the instructions between false imprisonment and kidnapping. On remand the State trial judge, effectuating the comment of the higher court, pointed out that kidnapping is a statutory crime, that the definition specifically includes the term "kidnapping" but that it did not appear in the indictment. He held its inclusion a *sine qua non* of the accusation of kidnapping and so No. 446 was dismissed. *See* Memorandum Opinion of Judge Joseph Allen, in *State of Maryland v. Curtis Edward Midgett* (March 9, 1959), Criminal Court of Baltimore City. Midgett apparently agreed, for it was he who successfully moved, after the appeal was ended, for dismissal of the indictment on account of the fatal omission. In sum, in the view of the State lower court, Midgett initially was not tried for kidnapping. It declared that his second trial was not in that respect a duplication of the first and, ergo, there was no double jeopardy of kidnapping. As will momentarily appear we, too, have previously so held.

In the second trial, a new indictment, No. 1157, alleged kidnapping in two counts, precisely in accordance with the statute. Another indictment, No. 2120, tried on this occasion was for conspiracy to rob. At the same time No. 250 was again prosecuted; it included the old charge of assault. Midgett was found guilty of kidnapping, assault and conspiracy to rob.

I

The majority now also holds that the conviction of kidnapping and assault at the second trial was a denial of due process and imposition of double jeopardy. I cannot accede to this ruling.

To begin with, a *greater punishment* on a second trial is not in law *per se* an abrogation of equal protection, due process or double jeopardy proscriptions. *North Carolina v. Pearce,* 395 U.S. 711, 719, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Michigan v. Payne,* 412 U.S. 47, 50, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973); *Chaffin v. Stynchcombe,* 412 U.S. 17, 23, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973). As Midgett's conviction (1959) predated *Pearce,* he was burdened to "come forward with evidence of retaliatory motivation on the part of the judge who imposed the second, more severe sentence." *Midgett v. McClelland,* No. 73–2239 (4 Cir. July 15, 1974). In this he failed.

When the convictions at the second trial were carried up on appeal, neither Midgett nor his counsel made these points, unless they were covered in Chief Judge Brune's opinion for the Court: "The appellant has raised a number of other contentions, none of which we find to be well founded." *Midgett v. Warden,* 223 Md. 282, 164 A.2d 526, 535 (1960). Again, arguments on both of these contentions were settled against them by the District Court for Maryland in a habeas application. In *Midgett v. Warden,* 217 F.Supp. 843, 848 (D.C.Md.1963) it was held that there was no possibility of double jeopardy by the second indictment of kidnapping or in the assault conviction.

There Judge Thomsen concluded that "the point with respect to the filing of the new indictment, 1157/59 [kidnapping], is entirely without merit" and, as to the assault conviction, "[n]o *constitutional* ground for relief at this time on this point has been

shown". (Italics added.) These views became conclusive when we said in affirming: "Finally, we think the petitioner's claims of *double jeopardy both as to his retrial for kidnapping . . . and his retrial . . for robbery and assault are without substance for the reasons pointed out by the district court,* which need no further elaboration here". (Italics added.) *Midgett v. Warden,* 329 F.2d 185, 187 (4 Cir. 1964). In his determinations Judge Thomsen recalled, 217 F.Supp. 848 supra, that the Maryland Court of Appeals per curiam had again made the same judgment, on the grounds stated by Judge Jones, a State trial judge, *Midgett v. Warden, Post Conviction No. 11,* 229 Md. 617, 182 A.2d 52 (1962), after the second trial. His statement is quoted by Judge Thomsen, 217 F.Supp. 847.

The absence of a "constitutional ground" found by Judge Thomsen and affirmed by us, obviously excludes any basis now for our holding that the second trial on kidnapping and assault was a denial of due process or a subjection to double jeopardy. No appeal was taken from any of the foregoing decisions and consequently the points are now foreclosed to Midgett.

## II

Facts destructive of the imputation of avengement, as the District Judge here relates, are readily at hand: the sentencing judge was not the judge who was reversed; the second indictment charged a crime of kidnapping greater than the so-called kidnapping first alleged and justified severer punishment; a more exacting punishment than the five years could have been meted out for the now unquestioned conspiracy conviction—10 years instead of five—and 10 years in lieu of five for the assault; and 15 years for the kidnapping; all to be served consecutively for a total of 35 years, the aggregate of the first sentences.

Additionally in respect to the question of retaliation, at the time we remanded it to the District Judge for further inquiry, we described it as an issue of fact. Consequently, the report of the District Judge was a resolution of a factual matter.

Hence, his last determination of no retaliation was a finding of fact, not "clearly erroneous" and so not to be rejected now. F.R.Civ.P. 52. I can see no foundation for overturning this ultimate finding.

In short, to my mind Midgett has been given every consideration, indeed far beyond the duty of the courts. There have been at least five petitions for habeas corpus in the State court and at least three in the Federal court. I can conceive of no call for further indulgence of Midgett's constitutional right to litigate.

The District Judge should at once be affirmed for reasons stated in his opinion, *Midgett v. Gerald McClelland, Warden of the Maryland Penitentiary,* 422 F.Supp. 82 (D.C.Md.1975).