STATE OF NORTH CAROLINA v. DELTON HARRIS

No. 7426SC388

(Filed 15 May 1974)

1. **Criminal Law § 166— abandonment of exception — failure to support by reason or argument**
   Exception to the court's conclusion that in-court identifications were of independent origin is deemed abandoned for failure to be supported by reason or argument where appellant merely restated the question involved and stated that "the evidence presented does not sustain such a ruling." Court of Appeals Rule 28.

2. **Robbery § 4— armed robbery — sufficiency of evidence**
   The State's evidence was sufficient for the jury on the issue of defendant's guilt of armed robbery of a grocery store owner.

3. **Criminal Law § 128— remarks by solicitor — failure to declare mistrial**
   The trial court did not abuse its discretion in failing to declare a mistrial because of remarks made by the solicitor in his jury argument where no motion for mistrial was made at the time of the remarks and the court gave instructions to the jury on the matter.

4. **Criminal Law § 132— motion to set aside verdict — discretion of court**
   A motion to set aside a verdict is addressed to the discretion of the trial judge and the denial of such a motion is not reviewable on appeal in the absence of gross abuse.

State v. Harris

APPEAL by defendant from *Grist, Judge,* 15 October 1973 Schedule "C" Session of Superior Court held in MECKLENBURG County.

Defendant was charged in a bill of indictment, in proper form, with the robbery of Dewitt L. Tutterow with a firearm, to wit, a sawed-off shotgun. Defendant pleaded not guilty, the jury returned a verdict of guilty as charged, and the court entered judgment sentencing defendant to prison for a term of not less than 15 nor more that 18 years, with credit for time spent in custody pending trial. Defendant appealed, assigning error.

*Attorney General Robert Morgan, by Associate Attorney C. Diederich Heidgerd, for the State.*

*J. Reid Potter for defendant appellant.*

BRITT, Judge.

[1] Defendant first assigns as error the conclusion of the court that the in-court identification by the State's witnesses was of independent origin and not the result of out-of-court confrontations. In his argument, defendant first restates the question involved and then says: "The appellant argues and contends that the evidence presented does not sustain such a ruling, especially with regard to Dewitt Tutterow and his wife, Dorothy Elaine Tutterow." Such a statement presents no argument, but is merely a restatement of his assignment. Rule 28, Rules of Practice in the Court of Appeals of North Carolina, provides: "Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned by him." In view of this rule, we treat this exception as abandoned.

[2] Defendant next assigns as error the denial of his motion for judgment as of nonsuit interposed at the close of all the evidence. Viewing the evidence in the light most favorable to the State, as is required upon this motion, the evidence tends to show: On 12 June 1973, defendant, along with another man, went into Tutterow's Grocery at 1200 North Davidson Street in Charlotte. Defendant was carrying a shotgun. Upon entering, one of the two stated, "This is a holdup." Defendant required Dewitt Tutterow, the owner of the grocery, at gunpoint, to empty his pockets. The other man rifled the cash register. The two took between $400 and $450. We hold that the evidence

was sufficient for submission to the jury and the assignment of error is overruled.

[3] Defendant's third assignment of error concerns remarks in the State's closing argument to the jury. A review of this exception shows that what transpired was nearly identical to the situation in *State v. Peele*, 274 N.C. 106, 161 S.E. 2d 568 (1968). There, the court, at page 114, said defendant "should have excepted and moved for a mistrial before the case went to the jury . . . . " In *Peele*, the court went on to state the rule that the arguments of the solicitor and counsel are left largely to the discretion of the trial court. No abuse is shown here. The court gave instructions on the matter, and no motion for mistrial was made at the time of the remarks. This assignment is overruled.

[4] Defendant's final assignment is to the denial of his motion for a new trial interposed after a verdict was returned. Such a motion is also addressed to the discretion of the trial judge and will not be reviewed on appeal in the absence of gross abuse. *State v. Reddick*, 222 N.C. 520, 23 S.E. 2d 909 (1943), and *State v. McClain*, 282 N.C. 357, 193 S.E. 2d 108 (1972). Defendant has failed to show such abuse and this assignment is likewise overruled.

No error.

Judges HEDRICK and CARSON concur.