STATE OF NORTH CAROLINA v. DON FREDERICK HICE

No. 7725SC505

(Filed 16 November 1977)

1. **Constitutional Law § 50— speedy trial—factors to be considered**

There are four interrelated factors to be considered in determining whether a defendant has been denied his right to a speedy trial: the length of time of the delay, the reason for the delay, the defendant's assertion of his right to a speedy trial, and the prejudice resulting to defendant from the delay.

2. **Constitutional Law § 51— twelve months between offense and trial—speedy trial not denied**

In a prosecution for manslaughter where defendant was allegedly driving an automobile under the influence of intoxicating liquor, the car crashed, and a passenger died, defendant's constitutional right to a speedy trial was not violated, although there was a twelve month delay from the time of the accident until the trial, since there was only an eight month delay from the date the first charges of driving under the influence and death by vehicle were dismissed and the manslaughter indictment was issued; there was only a two month delay between the date the indictment was issued and the trial date; the two earlier charges were dismissed by the prosecutor before jeopardy attached and without objection by defendant; defendant knew or should have known that, since the first charges were dismissed before jeopardy attached, he was still subject to prosecution; defendant never demanded a speedy trial and he failed to show that he was prejudiced by the delay; and defendant failed to show that the delay was caused by willfulness or neglect of the State.

3. **Automobiles § 112.1; Criminal Law § 26.2— evidence of defendant's intoxication—manslaughter—no double jeopardy**

In a prosecution for manslaughter arising from an automobile accident where defendant was earlier charged with death by vehicle and driving under the influence, the trial court did not err in allowing an officer to testify concerning the physical condition of defendant as it was affected by alcohol and in refusing to dismiss the manslaughter charge on the ground of double jeopardy, since the earlier charges were dismissed by the prosecution, without objection by defendant, before a jury was impaneled or evidence was introduced.

**4. Automobiles § 113.1— manslaughter—sufficiency of evidence**

   Evidence was sufficient for the jury in a prosecution for manslaughter where it tended to show that defendant drove an automobile after he had drunk four or five beers; defendant increased the speed of the car whereupon one passenger told him he had better slow down; the car reached a speed of approximately 100 mph after which it began sliding, went off the road and crashed; and one passenger died from head injuries received in the collision.

APPEAL by defendant from *Lewis, Judge.* Judgment entered 10 February 1977 in Superior Court, CALDWELL County. Heard in the Court of Appeals 21 October 1977.

On 18 January 1976 defendant was charged in warrants with (1) operating a motor vehicle on a street or highway while under the influence of intoxicating liquor, in violation of G.S. 20-138, and (2) unintentionally causing the death of another person while engaged in the violation of a state law applying to the operation or use of a vehicle, in violation of G.S. 20-141.4. These charges were dismissed on 19 March 1976 by the district attorney.

On 2 December 1976 defendant was indicted for the manslaughter of Darrell Wayne Bentley. He was arraigned on 9 February 1977 and moved to dismiss the charge on the ground that he had been denied a speedy trial. The motion was denied, he pled not guilty, and was tried before a jury.

Evidence for the State tended to show:

On the night of 17 January 1976 defendant was driving an automobile in which Ralph Bentley, Darrell Bentley, Boyd Hollar and Rusty Auton were also riding. Prior to their ride, defendant had drunk four or five beers. While traveling on Draco Road, the automobile "started getting up to a high rate of speed" and the tape player was playing. One of the passengers told defendant he had better slow down. The car reached a speed of approximately 100 m.p.h. after which it began sliding, went off the road and crashed. Darrell Bentley died from head injuries received in the collision.

The investigating highway patrol officer saw defendant a short while after the collision, and, in his opinion, defendant was under the influence of intoxicants at that time.

The court interrupted the testimony of the highway trooper to conduct a voir dire in the absence of the jury to determine

whether the dismissal of the earlier charges against defendant would require a dismissal of the manslaughter charge on the ground of double jeopardy. Following the hearing His Honor found that the court records disclosed that at the time the previous charges were dismissed by the prosecutor, a jury had not been impaneled and evidence had not been introduced.

Defendant offered no evidence.

At the conclusion of the evidence, the court allowed defendant's motion to dismiss the voluntary manslaughter charge and submitted the case to the jury on the charges of involuntary manslaughter and death by vehicle.

The jury returned a verdict of guilty of involuntary manslaughter. From judgment imposing a prison sentence of three years, defendant appeals.

*Attorney General Edmisten, by Associate Attorney Henry Burgwyn, for the State.*

*Wilson and Palmer, by Bruce L. Cannon, for defendant appellant.*

BRITT, Judge.

By his first assignment of error defendant contends the court erred in denying his motion to dismiss for failure of the State to provide him a speedy trial. We find no merit in this assignment.

[1] In *State v. Hill*, 287 N.C. 207, 211, 214 S.E. 2d 67, 70 (1975), the court set out four interrelated factors to be considered in determining whether a defendant has been denied his right to a speedy trial: (1) the length of time of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice resulting to defendant from the delay.

In order to determine whether a defendant has been denied a speedy trial, the trial judge must consider the particular circumstances in each case. In *State v. Spencer*, 281 N.C. 121, 124, 187 S.E. 2d 779, 781 (1972), we find:

". . . The accused has the burden of showing that the delay was due to the State's wilfulness or neglect. Unavoidable delays and delays caused or requested by the defendant do not violate his right to a speedy trial. Further, a defendant

may waive his right to a speedy trial by failing to demand or to make some effort to obtain a speedier trial. (Citations.) The constitutional right to a speedy trial prohibits arbitrary and oppressive delays by the prosecution. *State v. Johnson*, 275 N.C. 264, 167 S.E. 2d 274. But this right is necessarily relative and is consistent with delays under certain circumstances. *Beavers v. Haubert*, 198 U.S. 77, 25 S.Ct. 573, 49 L.Ed. 950."

[2] Applying the stated principles to the present case, we conclude that defendant's constitutional right to a speedy trial was not violated. Although there was a twelve month delay from the time of the accident until the trial, there was only an eight month delay from the date the first charges were dismissed and the manslaughter indictment was issued, and only a two month delay between the date the indictment was issued and the trial date. In addition, the two earlier charges were dismissed by the prosecutor before jeopardy attached and without objection by defendant. Defendant knew, or should have known, that since the first charges were dismissed before jeopardy attached he was still subject to prosecution. He never demanded a speedy trial, and he failed to show that he was prejudiced by the delay. Finally, he failed to show that the delay was caused by willfulness or neglect of the State. He based his motion to dismiss solely on the bill of indictment without offering any other evidence.

[3] In his seventh assignment of error, defendant argues that the court erred in allowing Trooper Webster to testify with respect to the condition of defendant as he was affected by alcohol on the night of the accident, since the driving under the influence charge which arose out of the same set of events was dismissed. In his eighth assignment of error, he contends in a related argument that the trial court should have dismissed the manslaughter charge because jeopardy had attached when he was charged with death by vehicle and driving under the influence and these charges had been dismissed by the prosecutor in district court. We find neither of these arguments persuasive.

G.S. 15A-931, which became effective on 1 July 1975, provides as follows:

"15A-931. Voluntary dismissal of criminal charges by the State. — (a) The solicitor may dismiss any charges stated in a criminal pleading by entering an oral dismissal in open court

before or during the trial, or by filing a written dismissal with the clerk at any time. The clerk must record the dismissal entered by the solicitor and note in the case file whether a jury has been impaneled or evidence has been introduced.

(b) No statute of limitations is tolled by charges which have been dismissed pursuant to this section."

The official commentary following this statute points out that the "section does not itself bar the bringing of new charges. That would be prevented if there were a statute of limitations which had run, or if jeopardy had attached when the first charges were dismissed."

"Jeopardy attaches when a defendant in a criminal prosecution is placed on trial on a valid indictment or information, before a court of competent jurisdiction, after arraignment and plea, and when a competent jury has been impaneled and sworn to make true deliverance in the case." 4 Strong's N.C. Index 3d, Criminal Law § 26.2, p. 110.

In the present case, the record shows that both the death by vehicle charge and the driving under the influence charge were dismissed by the prosecution, without objection by the defendant, before a jury was impaneled or evidence introduced. The trial court conducted a voir dire on the double jeopardy question as it affected evidence concerning defendant's inebriated condition on the evening of the accident and concluded as a matter of law "that observations and evidence pertaining to the defendant's condition as that condition [was] reflected by alcohol [were] not rendered inadmissible by the dismissal in the District Court of the charge of driving under the influence and death by vehicle." Since a jury was not impaneled and evidence was not heard prior to the voluntary dismissal, jeopardy had not attached when the prosecutor dismissed the driving under the influence and death by vehicle charges. It was proper for the trial judge to allow Trooper Webster to testify concerning the physical condition of the defendant as it was affected by alcohol and to refuse to dismiss the manslaughter charge on the ground of double jeopardy.

By his ninth assignment of error, defendant contends the trial court erred in denying his motion to dismiss on the ground that the evidence showing that the defendant had violated the

motor vehicle laws was not sufficient to go to the jury. Since this assignment of error is not properly supported by an exception in the record, we are not required to consider it on appeal. Rules of Appellate Procedure, Rule 10, 287 N.C. 671, 698 (1975).

[4] Nevertheless, we think the evidence, when considered in the light most favorable to the State and giving it the benefit of every reasonable inference, was sufficient to survive defendant's motion to dismiss and to allow the case to be submitted to the jury on involuntary manslaughter and death by vehicle. *State v. McNeil*, 280 N.C. 159, 185 S.E. 2d 156 (1971).

By his tenth and eleventh assignments of error, defendant contends that the trial court erred in denying his motions to set aside the verdict and grant a new trial and for arrest of judgment. We find no merit in these assignments.

A motion to set aside a verdict and grant a new trial is addressed to the discretion of the trial judge and will not be reviewed on appeal in the absence of abuse of discretion. *State v. Harris*, 21 N.C. App. 550, 204 S.E. 2d 914 (1974). Defendant has failed to show an abuse of discretion by the trial judge.

"In a criminal prosecution, . . . judgment may be arrested when—and only when—some fatal error or defect appears on the face of the record proper." *State v. Kirby*, 276 N.C. 123, 133, 171 S.E. 2d 416, 423 (1970). The record proper in this case fails to disclose any defect.

We have considered the other assignments of error set forth in defendant's brief but finding no merit in any of them, they are all overruled.

We hold that defendant received a fair trial free from prejudicial error.

No error.

Judges HEDRICK and MARTIN concur.