STATE OF NORTH CAROLINA v. LLOYD NEILL STRICKLAND

No. 8913SC677

(Filed 5 June 1990)

1. **Constitutional Law § 34 (NCI3d) — double jeopardy — recesses between jury selection and empanelment — prosecution dismissed — jeopardy not attached**

   The prosecution of defendant for solicitation to commit the murder of his wife was not barred by double jeopardy where a previous prosecution was voluntarily dismissed before the jury was empaneled. There was nothing in the record to suggest that the court abused its discretion in granting the State recesses which delayed the empanelment of the jury for some four and a half hours after the selection process was completed.

   **Am Jur 2d, Criminal Law §§ 260, 261.**

2. **Criminal Law § 113 (NCI4th) — solicitation to murder — defense counsel not informed of statements — discovery not abused**

   The testimony of an undercover SBI agent concerning defendant's solicitation of him to murder his wife and others was admissible despite defense counsel not being informed before trial of the statements pursuant to discovery where the court found upon competent evidence that the District Attorney did not learn of the statements until the trial began.

   **Am Jur 2d, Depositions and Discovery §§ 455, 457.**

**3. Criminal Law § 34.4 (NCI3d) — solicitation to commit murder — subsequent solicitation — admissible**

Evidence of a subsequent solicitation to commit murder was admissible in defendant's trial for solicitation to murder to show knowledge, modus operandi or common plan or scheme, and to show a continuing offense. N.C.G.S. § 8C-1, Rule 404(b).

**Am Jur 2d, Evidence §§ 323-326, 329.**

APPEAL by defendant from judgment entered 3 February 1989 by *Strickland, Judge,* in BRUNSWICK County Superior Court. Heard in the Court of Appeals 5 February 1990.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Jane R. Garvey, for the State.*

*Powell and Gore, by W. James Payne, for defendant appellant.*

PHILLIPS, Judge.

Defendant was convicted of common law solicitation to commit the murder of his wife, Barbara Strickland, upon evidence which tends to show that: While incarcerated in the Brunswick County jail in early 1988, defendant asked a fellow inmate, Billy Owens, to kill his wife before the trial of their divorce case in December, 1988. Defendant agreed to pay Owens $10,000 and give him his 1976 truck as down payment. He drew diagrams of their house where she was living, suggested that he kill her when she went to the kennels behind the house to feed the dogs, and showed him how best to reach the kennels without being seen. He also gave Owens a note to give to his mother who had power of attorney over his property. The note directed her to give Owens the truck and title certificate. Defendant also promised to send Owens a picture of his wife. Upon being released from prison Owens contacted the police and accompanied by a detective he went to Strickland's mother's house where he delivered the note and received title to and possession of the truck. When Owens received the picture of Mrs. Strickland through the mail a detective was present and Strickland's fingerprints were on the picture. Strickland sent Owens a letter which referred to a fictitious agreement to buy a boat and stated that he needed to close the transaction soon.

[1] One contention defendant makes—that because of a previous prosecution which was voluntarily dismissed this one is barred

STATE v. STRICKLAND

[98 N.C. App. 693 (1990)]

by the Double Jeopardy Clauses of the state and federal Constitutions—can be summarily disposed of because the record shows that the prior prosecution was dismissed before the jury was empaneled, and it has been held in many cases that jeopardy does not attach in a jury trial until the jury is empaneled and sworn. *State v. Chavis*, 24 N.C. App. 148, 210 S.E.2d 555 (1974), *cert. denied and appeal dismissed*, 287 N.C. 261, 214 S.E.2d 434 (1975), *cert. denied*, 423 U.S. 1080, 47 L.Ed.2d 91, 96 S.Ct. 868 (1976). Defendant does not argue that the rule is otherwise. His argument is that in granting the State recesses which delayed the empanelment of the jury for some four and a half hours altogether after the selection process was completed, the court exceeded its authority. The argument has no legal basis. Continuances, postponements and recesses are within the sound discretion of the trial judge, *State v. Carter*, 289 N.C. 35, 220 S.E.2d 313 (1975), *vacated in part, modified on other grounds*, 428 U.S. 904, 49 L.Ed.2d 1211, 96 S.Ct. 3212 (1976), and nothing in the record, which does not contain a transcript of the prior proceeding, suggests that the court abused its discretion in granting the recesses involved.

[2, 3] Defendant's other two contentions concern the court refusing to suppress the testimony of undercover SBI agent Ray Freeman about defendant soliciting him to murder his wife, District Attorney Mike Easley and two law enforcement officers. The alleged solicitation occurred when the agent was posing as a hit man named "Greg Becton." The basis for the suppression motion was that defense counsel was not informed pursuant to discovery before trial of the statements made to Freeman. In determining the motion the court found upon competent evidence that the District Attorney did not learn of defendant's statements to Freeman until trial began and concluded therefrom that the discovery process had not been abused. In this ruling we see no error. His final contention, that the evidence of the latter solicitation, which occurred eleven months after the one he was being tried for, was inadmissible is also overruled. Evidence of that solicitation was admissible on many grounds: It was admissible to show knowledge, Rule 404(b), N.C. Rules of Evidence, *State v. Ray*, 209 N.C. 772, 184 S.E. 836 (1936); to show *modus operandi* or common plan or scheme, *State v. Bagley*, 321 N.C. 201, 362 S.E.2d 244 (1987), *cert. denied*, 485 U.S. 1036, 99 L.Ed.2d 912, 108 S.Ct. 1590 (1988), *State v. Beam*, 184 N.C. 730, 115 S.E. 176 (1922); and to show a continuing offense. *State v. McClain*, 240 N.C. 171, 81 S.E.2d 364 (1954).

No error.

Chief Judge HEDRICK and Judge JOHNSON concur.